RECEIVED
APR 23 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY RAWLINGS,<br><br>   Plaintiff,<br><br> v.<br><br>MERCER COUNTY CORRECTIONAL FACILITY,<br><br>   Defendant. | Civil Action No. 09-5586 (AET)<br><br>**O R D E R**<br>(CLOSED) |

IT APPEARS THAT:

1. On November 2, 2009, Plaintiff, Gary Rawlings, submitted this complaint alleging a violation of his constitutional rights, along with an application to proceed in forma pauperis. The sole defendant is Mercer County Correctional Facility.

2. Plaintiff states in his Statement of Claims only that: "[he was] ordered to take off all of [his] clothes of a class action strip searched of a case #3:06-[cv]-02065-TJB." He asks "to be awarded for humiliation as well as degradation." (Complt., ¶¶ 6, 7).

3. On November 27, 2009, Plaintiff wrote a letter in case number 06-cv-2065 (TJB), which is a closed action in this district court concerning a class action strip search, which was settled, with a stipulation of dismissal filed on June 11, 2009. See Boisselle v. Mercer County, et al., 06-cv-

2065 (TJB) (docket entry 45). Plaintiff's letter was filed in the case on December 10, 2009. See Boisselle v. Mercer County, et al., 06-cv-2065 (TJB) (docket entry 47). After Plaintiff submitted his letter in that case, counsel for the class wrote a letter to the Court, dated December 16, 2009, in response to Plaintiff's letter. The letter advised that Plaintiff did not submit a timely claim in the action, and that the matter was concluded. See id. (docket entry 48).

4. Plaintiff's claims in this instant civil rights complaint must be dismissed. First, Plaintiff has not named a proper defendant. See Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983). Second, Plaintiff's complaint has not alleged facts sufficient to survive sua sponte screening. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the ... claim is and the grounds upon which it rests.'"); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

5. Although the complaint, as submitted, must be dismissed, the dismissal will be without prejudice, and if Plaintiff so chooses, he can correct the deficiencies of this complaint and file a motion to reopen. The motion shall have attached to it an amended complaint naming the proper state actor(s) as defendants, and any other claims Plaintiff wishes to file as to this matter.

THEREFORE,

IT IS ON THIS _22nd_ day of _April_, 2010;

ORDERED that Plaintiff may proceed in forma pauperis without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

ORDERED that Plaintiff's complaint is hereby dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that the Clerk of the Court shall close this case; and it is further

ORDERED that, within 45 days from the date this Order is entered, Plaintiff may move to reopen his case, attaching to any such motion a proposed amended complaint which addresses the deficiencies of the complaint as stated in this Order.

                                                    ANNE E. THOMPSON
                                                    United States District Judge